UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| STEPHEN W. BOYD, | ) | |
|     Petitioner, | ) | |
| | ) | |
| VS. | ) | Civil Action No: SA-11-CA-1070-XR |
| | ) | Bkr. Adv. No. SA-11-05159-LC |
| THE HONORABLE JOHN C. AKARD, | ) | |
|     Respondent. | ) | |

**ORDER**

Debtor Stephen W. Boyd files this Petition for Writ of Mandamus, asking the Court to direct the Honorable John C. Akard to vacate his order granting a temporary injunction against him as Trustee of the Stephen W. Boyd Heritage Trust prohibiting any transfer, disposition, or encumbrance of any money on deposit in a Frost National Bank Account.

**Background**

Stephen W. Boyd filed for bankruptcy protection under Chapter 7. Bankr. Case No. SA-11-51797-LC. The Trustee, Jose Rodriguez, initiated an Adversary Proceeding against Boyd individually and as Trustee and Beneficiary of the Stephen Wayne Boyd Heritage Trust and as Trustee of the Blake Michael Boyd Heritage Trust, and Blake Michael Boyd, seeking a turnover order and declaratory judgment, as well as a temporary restraining order and preliminary injunction against the Defendants. Adv. No. SA-11-05159-LC. The Honorable John C. Akard, sitting for the Honorable Leif Clark, held a hearing on the motion for preliminary injunction on October 13, 2011. The evidence at the hearing was that the two trusts – the Stephen W. Boyd Heritage Trust and the Blake M. Boyd Heritage Trust – were established by Stephen Boyd's mother in 1998. Stephen Boyd was designated trustee and beneficiary of the Stephen W. Boyd Heritage Trust, and trustee of the

1

Blake M. Boyd Heritage Trust.  Blake Boyd, Stephen's son, was the beneficiary of the Blake M. Boyd Heritage Trust.  It appears undisputed that the Stephen W. Boyd Trust is a spendthrift trust under Texas law.

The Trustee claimed that the assets of both trusts were part of Stephen Boyd's bankruptcy estate, and sought injunctive relief to maintain the assets of the trusts.[1]  At the hearing, the Trustee argued that some of the assets in the trust were self-settled, meaning that the assets were placed in the trust by Stephen Boyd rather than a third party and thus were not protected as assets of a spendthrift trust.  This included some personal property such as guns and artwork.  Separately, the Trustee sought to enjoin Stephen Boyd from spending money contained in a Frost Bank account. This money (originally approximately $157,000) was placed in the account in August 2011, after the bankruptcy was filed, as part of a distribution from the estate of Boyd's mother following her death.  The Trustee argued that much of the cash had already been spent, and without injunctive relief, the cash will be spent, transferred, or loaned, causing irreparable harm to the bankruptcy estate.

The Trustee noted that he had pending against Boyd a turnover action and declaratory judgment action.  He acknowledged that the trust was a spendthrift trust, the assets of which are generally excluded from the bankruptcy estate to the extent state law and the trust provide, but argued that "the spendthrift exception will not apply to [the trust] for a number of reasons." He further acknowledged that the cash in the Frost Bank account was not self-settled because it was a distribution from his mother's estate.  But the Trustee argued that Boyd, as trustee and beneficiary

---

[1] Pursuant to Bankruptcy Rule 7065, "Rule 65 F.R.Civ.P. applies in adversary proceedings, except that a temporary restraining order or preliminary injunction may be issued on application of a debtor, trustee, or debtor in possession without compliance with Rule 65(c)."

of the estate, has "taken enough actions, or inactions, to waive the benefit of the spendthrift exception." Last, the Trustee argued that he succeeded to all the rights of the debtor in any trust where he is trustee pursuant to section 541. Boyd, represented by counsel, appeared at the hearing and opposed the inunction. He argued that, because the trust is a spendthrift trust, it is not property of the bankruptcy estate.

After the parties made their respective arguments and without receiving further testimony or evidence, Judge Akard ruled that "it appears that this trust may, in fact, have been self-settled with the properties from the divorce decree, both of them. And, so, the Court's going to grant a preliminary injunction." Judge Akard directed counsel for the Trustee to prepare the order. The order contains few additional findings and conclusions. It states only that "immediate and irreparable injury, loss and harm will result to Plaintiff and the bankruptcy estate, unless Defendants are enjoined as prayed for in the Motion and in the Complaint" and that, based upon the testimony and the verified Complaint, "Defendants could transfer assets that properly belong to the bankruptcy estate" from the trust, which could "cripple or destroy the ability of the Trustee to administrate the bankruptcy estate."[2]

## Analysis

"The mandamus remedy is an extraordinary one, granted only in the clearest and most compelling cases." *In re Jacobs*, 213 F.3d 289, 290 (5th Cir.2000). A party seeking such relief must satisfy three requirements before the court will issue a writ of mandamus: (1) the petitioner must have "no other adequate means" to obtain the relief requested; (2) the petitioner must show a "clear

---

[2] The Court notes that Rule 52 requires that a court granting or refusing an interlocutory injunction must find the facts specially and state its conclusions of law separately. FED. R. CIV. P. 52(a). "Rule 52 F. R. Civ. P. applies in adversary proceedings." FED. R. BANKR. P. 7052.

and indisputable" right to the relief requested; and (3) the court, in its discretion, "must be satisfied that the writ is appropriate under the circumstances." *In re Volkswagen of America, Inc*., 545 F.3d 304, 311 (5th Cir. 2008) (en banc) (quoting *Cheney v. U.S. Dist. Ct.*, 542 U.S. 367, 380-81 (2004)).

The first requirement, that the party have "no other adequate means to obtain the relief requested," is "'a condition designed to ensure that the writ will not be used as a substitute for the regular appeals process.'" *Id.* (quoting *Cheney*, 542 U.S. at 380-81). Accordingly, mandamus relief is not appropriate where the petitioner has an adequate remedy by regular or interlocutory appeal. *In re Clark*, 2011 WL 3861616 (5th Cir. July 8, 2011). In this circuit, mandamus relief may be available to gain appellate review of bankruptcy orders that are otherwise non-appealable. *Matter of Lieb*, 915 F.2d 180, 186 (5th Cir. 1990) (citing *In re Barrier*, 776 F.2d 1298 (5th Cir. 1985) (per curiam)).

Boyd has failed to satisfy the first requirement for mandamus relief because he has not shown that the order was non-appealable. Relying on 28 U.S.C § 1292, at least some courts have held that a party may appeal as of right the grant or denial of an injunction by the bankruptcy court. *See, e.g.*, *In re Midstate Mortg. Investors Group*, Civ. A. No. 06-2581, 2006 WL 3308585, at *4-5 (D.N.J. Nov. 6, 2006) ("where the orders entered in the bankruptcy court are in the form of injunctive relief, the district court, sitting as an appellate court, is authorized under § 1292(a) to hear the appeal without the need to resort to discretion to grant leave to appeal"); *see also In re Reliance Acceptance Group, Inc.*, 235 B.R. 548 (D. Del. 1999).

Even if the order cannot be appealed as of right, § 158 permits interlocutory appeals to this Court from the bankruptcy court. It expressly provides that "the district courts of the United States shall have jurisdiction to hear appeals . . . (a)(3) with leave of the court, from other interlocutory

4

orders and decrees; and with leave of the court, from interlocutory orders and decrees, of bankruptcy judges entered in cases and proceedings referred to the bankruptcy judges under section 157 of this title."  Courts have held that the application of § 158 should be guided by § 1292(a), and thus generally permit interlocutory appeals of preliminary injunctions. *See In re Reserve Prod., Inc.*, 190 B.R. 287 (E.D. Tex. 1995) ("The wiser exercise of discretion is to apply § 1292(a)(1) by analogy and allow the appeal of the preliminary injunction.").

Accordingly, Petitioner Boyd has failed to demonstrate that the relief he now seeks by way of petition for writ of mandamus was not available through appeal.  Rather, he spends almost the entirety of his brief discussing the merits of the Bankruptcy Judge's order.  Though Boyd asserts that Judge Akard acted without authority, these arguments could have been raised by way of appeal. *See, e.g.*, *In re Bass*, 171 F.3d 1016 (5th Cir. 1999).  Thus, even if Boyd is correct that Judge Akard erred, it would be wholly improper to utilize the extraordinary remedy of mandamus to bypass available appellate remedies.

As noted, the Bankruptcy Judge entered his order on October 18, 2011.  Boyd did not file a notice of appeal.  Rather, he filed this petition for writ of mandamus on December 13, 2011, almost two months after the order was signed.  Boyd failed to utilize appellate remedies that were available to him, and the fact that they are no longer available does not justify the use of mandamus.  Further, the Court has considered whether to convert the petition for a writ of mandamus into an interlocutory appeal, but concludes that conversion is not warranted because Boyd never filed a notice of appeal in the Bankruptcy Court, and the time for doing so has expired.[3]

---

[3] The notice of appeal shall be filed with the clerk within 14 days of the date of the entry of the judgment, order, or decree appealed from. FED. R. BANKR. R. 8001(a).

**Conclusion**

Because Petitioner Boyd has failed to show that he lacks an adequate appellate remedy, the

Petition for Writ of Mandamus filed by Stephen W. Boyd is DENIED.  The Clerk is directed to close

this matter.

It is so ORDERED.

SIGNED this 17th day of January, 2012.

XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE